## McLEAN v. WILLIAMS et al.

Court of Appeals of District of Columbia.
Submitted March 17, 1927. Decided
May 2, 1927.

No. 1945.

1. Patents ⬤⟞91(1)—Junior party to interference proceeding has burden of proof of priority.

In patent interference proceeding, junior party has burden of proof of priority.

2. Patents ⬤⟞91(4)—Junior party to interference proceeding held not to have shown priority of invention of baling press.

Junior party to patent interference proceeding, involving invention of vertical press for baling cotton, rags, waste paper, etc., *held* not to have established priority, or shown diligence in reducing invention to practice.

Appeal from Commissioner of Patents.

Interference proceeding between John H. McLean and Theodore Williams and another. From a decision of the Commissioner of Patents for the latter, the former appeals. Affirmed.

W. J. Belknap and C. B. Zewadeski, both of Detroit, Mich., for appellant.

P. H. Moore, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. An appeal from a decision awarding priority to appellees in an interference proceeding.

The invention is a vertical baling press, used for baling cotton, rags, waste paper, and like materials. It has a chamber with an open end, a platen or plunger adapted to be moved up and down in the chamber by means of screw mechanism, so constructed that when it is moved above the open end of the chamber the platen tips back, leaving the entrance to the chamber unobstructed, thus permitting the baling material to be dropped in from above.

Count 2, which is illustrative, reads as follows:

"2. In a baling press, the combination with a chamber having an open end, of a platen moving transversely of said chamber beyond said open end and also movable within said chamber, a screw, a nut threaded upon said screw, and means for pivotally connecting said platen to said nut."

The parties are all applicants, and the issue is one of priority. McLean's filing date is October 2, 1922. The filing date of Williams and Swart is May 2, 1922; accordingly they are the senior parties. McLean claims conception and disclosure on June 1, 1918, drawings and written description May 8, 1919, and constructive reduction to practice on his filing date. Williams and Swart dispute the dates claimed by McLean for conception, disclosure, and drawings, and on their part claim conception and drawings on March 1, 1921, disclosure October 1, 1921, and actual reduction to practice on February 20, 1922, which was several months prior to their filing date.

It appears that for more than 10 years prior to this interference the Economy Baler Company, the assignee of McLean's application, was engaged in the manufacture and sale of baling presses similar to the invention, except that the plungers were actuated by chains, and not by screws. McLean, Williams, and Swart were all employed at the plant of the Economy Baler Company at the time of their respective alleged conceptions. Each party claims to have conceived the invention first, and to have disclosed it to the other party, and also to have submitted it to officials of the company. Testimony has been taken by both parties, and it is well observed by the Examiner of Interferences that "the testimony concerning origination of the invention is so conflicting that it cannot be harmonized on any theory of infirm memory of the witnesses."

[1, 2] The burden of proof rested upon McLean, the junior party. The Examiner of Interferences, after a careful and detailed discussion of the evidence, reached the conclusion that McLean had failed to discharge that burden; accordingly he awarded priority to Williams and Swart. The Examiners in Chief affirmed this decision, after a full consideration of the evidence. Upon appeal, the Commissioner of Patents held, upon the evidence, that Williams and Swart had actually reduced the invention to practice in the month of March, 1922, about 6 months prior to McLean's filing date; that McLean in fact had never built a machine such as is defined by the counts, nor made any actual or constructive reduction to practice of any such machine, prior to his filing date; that, while McLean claims the earlier conception of the invention, his claim is not reliably sustained by the evidence, and that, even if his date of conception be conceded, it nevertheless appears that he was lacking in diligence in reducing the invention to practice, without sufficient excuse for the delay; that the claim that Williams and Swart derived their knowledge of the invention from McLean is not proven; and that the testimony submitted in behalf of McLean is not sufficiently clear and convincing to overcome the prima facie case of priority and originality in favor of Williams and Swart. The Commissioner accordingly affirmed the decision of the lower tribunals.

We find it impracticable and unnecessary in this opinion to review the testimony in detail, but our examination of it leads us to the conclusion that the concurrent decisions of the Patent Office are correct. We therefore affirm the decision of the Commissioner of Patents.